This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: November 1, 2021**

**No. S-1-SC-38080**

**STATE OF NEW MEXICO,**

Plaintiff-Petitioner,

v.

**DARYL RODRIGUEZ,**

Defendant-Respondent.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Henry R. Quintero, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Bauer, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Respondent

### DISPOSITIONAL ORDER OF REVERSAL

**{1}** WHEREAS, this matter came before the Court on the State's petition for writ of certiorari filed pursuant to Rule 12-502 NMRA requesting that this Court reverse the Court of Appeals' decision to vacate Defendant Daryl Rodriguez's tampering with evidence conviction contrary to NMSA 1978, Section 30-22-5 (2003) on grounds of insufficient evidence. *State v. Rodriguez*, A-1-CA 35,934, mem. op. ¶ 17 (N.M. Ct. App. Dec. 23, 2019);

**{2}** WHEREAS, the undersigned Justices have considered the briefs and are fully informed on the issues and applicable law;

**{3}**     WHEREAS, "[i]n reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," and determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks, citations, and alteration omitted);

**{4}**     WHEREAS, "[a]n appellate court does not evaluate [the evidence] to determine whether some hypothesis could be designed which is consistent with a finding of innocence. . . . Where, however, a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal," *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314, and "[w]e may not substitute our judgment for that of the jury." *State v. Apodaca*, 1994-NMSC-121, ¶ 15, 118 N.M. 762, 887 P.2d 756;

**{5}**     WHEREAS, the State presented sufficient evidence of "an overt act with respect to the evidence in question" from which the jury could infer Defendant's specific intent to tamper with evidence when it presented testimony that after shooting the victim, Defendant threw the gun before fleeing the scene, *State v. Arrendondo*, 2012-NMSC-013, ¶ 31, 278 P.3d 517 (requiring evidence of "an overt act with respect to the evidence in question"); *State v. Carrillo*, 2017-NMSC-023, ¶¶ 46-47, 399 P.3d 367 (requiring that the state "provide either direct evidence of a specific intent to tamper or evidence of an overt act from which the jury could infer that intent"), and our case law needs no further explanation or definition of the term "hid" under the circumstances of this case;

**{6}**     WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B)(1) and (2) NMRA to dispose of this case by non-precedential order rather than by formal opinion;

**{7}**     NOW, THEREFORE, IT IS ORDERED that the decision of the Court of Appeals is reversed and Defendant's conviction for tampering with evidence under Section 30-22-5 is reinstated.

**{8}     IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**